TO BE PUBLISHED IN OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

———————————————————————

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-104 |
| of | : | |
| | : | JULY 10, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

———————————————————————————————————————————————

THE STATE BOARD OF CORRECTIONS has requested an opinion on the following question:

May a city contract with a private entity to operate a local detention facility?

CONCLUSION

A city may contract with a private entity to operate a local detention facility.

ANALYSIS

The question presented arises in the context of a city which proposes to contract with a private corporation to operate a misdemeanor pre-arraignment detention facility. Does a city have the legal authority to do so?

Although the Government Code does not specifically provide that a city may establish a city jail, provisions of that code impliedly recognize such authority. Thus, Government Code section 36903 provides:

"Imprisonment for violation of an ordinance shall be in the city jail, unless by ordinance the legislative body prescribes imprisonment in the county jail. If city prisoners are imprisoned in the county jail the expense is a charge against the city."

Significantly, there is nothing in the law with respect to how a city jail is to be acquired or how it is to be administered. This is to be contrasted with the law requiring the establishment of a county jail under the supervision of the county sheriff and the detailed state regulations concerning its operation. (See Pen. Code, § 4000 et seq.)

Although Government Code section 36903 is restricted to the detention of persons imprisoned for violation of city ordinances, later enactments found in both the Government Code and the Penal Code recognize the fact that over the years city jails have had an expanded role. We can take official notice of the fact that most individuals who are arrested, whether by city, county, district or state peace officers, are arrested for violations of state laws. We can also take notice that in metropolitan areas, such arrestees will often be detained in the city jail until arraigned.

As a general proposition, the cost of detention of prisoners both before and after conviction is predicated upon the nature of the offense. The county is liable for prisoners detained for violations of state law or county ordinances and the city is liable for prisoners detained for violations of city ordinances. (See Gov. Code, § 29602; *County of Sonoma* v. *Santa Rosa* (1894) 102 Cal 426; *Washington Township Hosp. Dist.* v. *County of Alameda* (1968) 263 Cal.App.2d 272, 275; 58 Ops.Cal.Atty.Gen. 496, 498 (1975); 22 Ops.Cal.Atty.Gen. 209 (1953); 15 Ops.Cal.Atty.Gen. 173 (1950).)

In apparent recognition of both the expanded role of city jails and the division of responsibility to support prisoners, the Legislature enacted section 4004.5 of the Penal Code, which provides as to county prisoners:

"(a) A city may furnish facilities to be used for holding prisoners held for examination or during trial without cost to the county or upon such terms as may be agreed upon by the governing body of such city and the board of supervisors, and the marshal or constable may keep such prisoners in their custody in such city jail.

"(b) A city may furnish facilities to be used for holding persons convicted of a public offense who have been transferred from the county jail by the sheriff due to crowded conditions upon such terms as may be agreed upon by the governing body of such city and the board of supervisors. The agreed terms may indicate that the facilities are to be provided free of charge to the county."

Additionally, section 4022 of the Penal Code permits any person convicted of a crime in a municipal or justice court to be confined in the city jail, with the consent of the city, and at the city's expense.

Thus, it is evident that a city may establish a city jail. It is also seen that the law in no way dictates how that jail shall be established or administered. Finally, it is seen that a city jail is a proper place for the incarceration of persons arrested for and charged with any crime, whether state, county or city prohibition.

Furthermore, we note that there is nothing intrinsically wrong in the establishment of detention facilities which are privately operated. The law presently provides for the establishment of privately operated "work furlough" programs for state and county prisoners. (See Pen. Code, §§ 1208, 6260 et seq.) Additionally, sections 6250-6258.1 of the Penal Code authorize the Director of Corrections to establish "community correctional centers" for state prisoners and parolees, which can be privately operated under contract. And finally section 6031.4 of the Penal Code, which defines the duties of the State Board of Corrections regarding construction standards and inspections, states in subdivision (c):

"`Local detention facility' also includes any adult detention facility that holds prisoners under contract on behalf of cities, counties, or cities and counties. Nothing in this subdivision shall be construed as affecting the establishment of private detention facilities." (Emphasis added.)

Thus, section 6031.4 of the Penal Code both dictates that the Board's duties would be essentially the same whether a local detention facility is publicly operated or privately operated as well as recognizes the propriety of privately operated facilities.

In the absence of any law which would prohibit a city from establishing a private detention facility, we believe that section 37112 of the Government Code grants the basic authority to do so. It states:

"In addition to other powers, a legislative body [of a city] may perform all acts necessary or proper to carry out the provision of this title [which contains section 36903 implicitly recognizing the power to establish a city jail]."

Accordingly, we conclude that a city council may enter into a contract with a private entity to operate a local detention facility as a "necessary or proper" way in which to exercise its power to establish a city jail.[1]

* * * *

---

[1]In so concluding we do not attempt to determine if there are any administrative duties which would require the action of duly authorized peace officers in lieu of private correctional officers. These could be addressed on an item by item basis.